Case 3:05-cv-02803-GEB   Document 16   Filed 08/31/05   Page 1 of 6 PageID: 170

NOT FOR PUBLICATION

RECEIVED
AUG 3 0 2005
AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HARRY A. RICHARDSON, *pro se*,

    Appellant,

v.

TREACY, SHAFFEL, MOORE &
MUELLER, *et al.*,

    Appellees.

Civ. No. 05-2803 (GEB)

**MEMORANDUM OPINION**

**BROWN, District Judge**

    This matter comes before the Court upon the following motions: (1) *pro se* appellant Harry A. Richardson's ("Appellant") motion for an extension of time to file his appellate brief [5]; and (2) Appellees Salvatore and Deanne Arnone's ("the Arnones") cross-motion to dismiss the appeal for failure to file a statement of issues and/or for lack of standing [8]. The Court, having considered the parties' submissions and decided the motion without oral argument pursuant to FED. R. CIV. P. 78, and for the reasons set forth in this Memorandum Opinion, will deny Appellant's motion and grant the Arnones' cross-motion.

**I.    BACKGROUND**

    Richardson Industrial Contractors, Inc. ("RICI") filed a voluntary petition for bankruptcy on May 16, 2003. In a parallel adversary proceeding, Dobin v. United States of America, Internal Revenue Service, the Arnones moved for summary judgment against all named parties on July 12, 2004. See Docket for Adversary Proceeding No. 04-1677-KCF ("Docket"), entry [16]. The

Arnones requested a judicial finding that two promissory notes upon which they received judgment in the New Jersey Superior Court represented secured claims against the RICI estate. See Letter Mem. of Larry Blumenstyk ("Blumenstyk Mem."), at 3. Appellant filed opposition to the Arnones' motion for summary judgment on September 20, 2004. See Docket, entry [26]. Andrea Dobin, the estate trustee ("trustee"), cross-moved for summary judgment against the Arnones on the same day. See id. [29].

United States Bankruptcy Judge Ferguson held a hearing on December 20, 2004, at which time she granted the Arnones' motion for summary judgment and denied the trustee's cross-motion. On February 7, 2005, Judge Ferguson entered a final order granting the Arnones' motion. See id. [51]. The trustee moved to amend this order pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 on February 17, 2005. See id. [57]. Although the Arnones and Blumenstyk opposed the motion to amend, see id. [67], [76], Appellant never objected. Judge Ferguson held a hearing on the trustee's motion on April 4, 2005 and requested the submission of a consent order resolving the amendment of the summary judgment order. Despite Appellant's objection to this proposed consent order, Judge Ferguson signed the order on April 13, 2005. See id. [84].

The consent order is the product of negotiations between the Arnones, Blumenstyk, the trustee, the State of New Jersey ("State"), and the law firm of Treacey, Shaffel, Moore & Mueller ("TSM&M") concerning the disposition of a trust fund set up to protect the interests of RICI's creditors. See Blumenstyk Mem., at 2, 5. The consent order created a trust administration plan

that recognized the Arnones' secured claim and accounted for the disposition of future claims.[1] The order allows "for the distribution of funds . . . to those secured creditors entitled to payment," subject to the validity of future asserted claims. Blumenstyk Mem., at 5.

On April 13, 2005, Appellant moved to stay the consent order pending appeal. See Docket, entry [82]. Judge Ferguson denied the motion at a May 9, 2005 hearing. Judge Ferguson noted that "Mr. Richardson did not take a position on the original Motion, and all the Consent Order did was resolve a dispute over the terms of the Order. It is inappropriate for Mr. Richardson to use this Motion as a belated attempt to take a position on the original Motion." Cole Tr., Bankruptcy Case No. 03-26318-KCF, May 9, 2005, at 31.

While Appellant's request for a stay was pending, Appellant filed a notice of appeal, on April 25, 2005, from Judge Ferguson's approval of the consent order. See Docket, entry [94]. Appellant had until June 16, 2005 to file his appellate brief with this Court. See Civil Docket No. 05-2803, entry [1]. On June 14, 2005, Appellant timely moved for an extension of time to file his appellate brief. See FED. R. BANKR. P. 9006(b)(1) (2005). The Arnones opposed Appellant's motion and served a cross-motion to dismiss the appeal on July 5, 2005.

## II. DISCUSSION

The Arnones seek to dismiss the appeal on either of two grounds: (1) Appellant's failure to file a statement of issues on appeal; or (2) Appellant's lack of standing to appeal from the entry of the consent order. The Arnones claim that Appellant failed to file a statement of the

---

[1] During the parties' negotiation of the consent order, motions were pending before the Bankruptcy Court concerning claims asserted by the State. The court determined that the State had an unsecured claim at an April 11, 2005 hearing. See Docket. TSM&M also asserted a lien against the estate. The court set a July 19, 2005 trial date for the determination of that claim.

3

issues to be presented on appeal pursuant to FED. R. BANKR. P. 8006. Accordingly, the Arnones argue that Appellant's conduct evinces bad faith and warrants a dismissal. See Arnone Mem., at 4. Appellant certifies that he served numerous statements of issues on the Arnones and that the Arnones have been on notice of the issues to be presented. See Richardson Mem. Opposing Cross Mot., at 3. Appellant also attaches a statement of issues to his memorandum. Because the Court finds no prejudice to the Arnones and an absence of bad faith in Appellant's statements and certified attachment, the Court will not dismiss the appeal on this basis. See In re Comer, 716 F.2d 168, 177 (3d Cir. 1983).

The Court finds, however, that Appellant does not have standing to appeal the consent order resolving the trustee's motion to amend the summary judgment order. Although the current Bankruptcy Code does not include an appellate standing provision, the Third Circuit continues to rely on the "persons aggrieved" standard first appearing in section 39(c) of the Bankruptcy Act of 1898, 11 U.S.C. § 67(c) (repealed 1978). See In re Dykes, 10 F.3d 184, 187 (3d Cir. 1993); see also In re Combustion Eng'g, Inc., 391 F.3d 190, 214 n.20 (3d Cir. 2004) (discussing the retention of the requirement). Individuals are "persons aggrieved by an order of a referee" if the order "diminishes their property, increases their burdens, or impairs their rights." In re Dykes, 10 F.3d at 187 (citation omitted). "Thus, only those 'whose rights or interests are directly and adversely affected pecuniarily' by an order of the bankruptcy court may bring an appeal." In re PWS Holding Corp., 228 F.3d 224, 249 (3d Cir. 2000) (citing In re Fondiller, 707 F.2d 441, 443 (9th Cir. 1983)). A litigant's status as a "person aggrieved" is generally considered a question of fact for the district court. See In re Dykes, 10 F.3d at 188.

Appellant may appeal from the consent order only if he is a "person aggrieved" by Judge

4

Ferguson's decision. Here, it is clear that Appellant fails to meet the stringent requirement for appellate standing. At the December 20, 2004 hearing, Judge Ferguson determined that the Arnones had a secured claim against the RICI estate and granted their motion for summary judgment. The trustee's motion to amend the order granting summary judgment attempted to restrict the turnover of the trust funds until the Bankruptcy Court resolved the additional claims asserted by the State and TSM&M.

The consent order stated that the Arnones could proceed with their claims in New Jersey Superior Court "provided that the turnover aspect thereof shall be restricted to all funds on hand in the Trust Fund Unit . . . pending further order of this Court" on the liens asserted by the State and TSM&M. See Arnone Counter-Designation of R., Ex. B (Consent Order ¶ 1). The consent order also stipulated that parties could present an order to the Superior Court for the turnover of funds in the event the Court either ruled against or in favor of the claims asserted by the State or TSM&M. See id. (Consent Order ¶¶ 5-10). Therefore, the consent order merely resolved what proportion of the trust fund the Arnones would receive as secured creditors.

The trustee, and the four parties asserting a claim against the assets of the debtor corporation, took a position on the motion to amend. These parties negotiated the consent order and agreed to the resolution of the motion to amend. However, Appellant never objected to the motion to amend.[2] Appellant had no personal financial stake in the future of the Arnones'

---

[2] This Court again notes Judge Ferguson's words at the May 9, 2005 hearing. Because Appellant failed to file any objections to the motion to amend, his appeal here resembles a "belated attempt" to argue both the merits of the original motion and many aspects of the entire bankruptcy proceeding. Therefore, Appellant's standing to appeal may be deficient for untimeliness. However, because the Court finds that Appellant is not a "person aggrieved," it is unnecessary to reach this issue.

secured claim against the assets of his former company, and no potential interest in whether the resolution of the State's claim and TSM&M's claim would diminish the Amones' claim. The Bankruptcy Court's consent order resolving the motion to amend will not diminish his property, increase his burdens or impair his rights. See In re Dykes, 10 F.3d at 187 (citation omitted). Because Appellant's rights and interests are not "directly and adversely affected pecuniarily," In re PWS Holding Corp., 228 F.3d at 249 (citing In re Fondiller, 707 F.2d at 443), he is not a "person aggrieved" for the purposes of appellate standing. Therefore, this Court must dismiss his appeal.

### III. CONCLUSION

For the reasons stated herein, Appellant's motion for an extension of time to file an appellate brief is denied. The Amones' cross-motion to dismiss the appeal for lack of standing is granted. An appropriate form of order accompanies this Memorandum Opinion.

GARRETT E. BROWN, JR., U.S.D.J.

6