NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRY A. RICHARDSON, *pro se*, | : |
| Appellant, | : Civ. No. 05-2803 (GEB) |
| v. | : |
| | : **MEMORANDUM OPINION** |
| TREACY, SCHAFFEL, MOORE & MUELLER , *et al.*, | : |
| Appellees. | : |

**BROWN, District Judge**

This matter comes before the Court upon *pro se* appellant Harry A. Richardson's ("Appellant") motion for reconsideration of this Court's August 29, 2005 Order denying Appellant's motion for an extension of time to file his appellate brief and granting appellee's cross-motion to dismiss the appeal for lack of standing, and for a stay pending appeal. This Court, having considered the parties' submissions and decided the motion without oral argument, pursuant to FED. R. CIV. P. 78, and for the reasons set forth in this Memorandum Opinion, will deny Appellant's motion.

I.  BACKGROUND

Richardson Industrial Contractors, Inc. ("RICI"), filed a voluntary petition for bankruptcy on May 16, 2003, beginning the underlying bankruptcy proceeding, *In re Richardson Industrial Contractors, Inc.*  In a parallel adversary proceeding, *Dobin v. United States of America, Internal Revenue Service*, appellees Salvatore and Deanne Arnone ("Arnones") moved for summary

judgment against all named parties on July 12, 2004. The Arnones requested a judicial finding that two promissory notes upon which they received judgment in the New Jersey Superior Court represented secured claims against the RICI estate. Appellant filed opposition to the Arnones' motion for summary judgment on September 20, 2004. Andrea Dobin, the estate trustee ("trustee"), cross-moved for summary judgment against the Arnones on the same day.

United States Bankruptcy Judge Ferguson held a hearing on December 20, 2004, during which she granted the Arnones' motion for summary judgment and denied the trustee's cross-motion. On February 7, 2005, Judge Ferguson entered a final order granting the Arnones' motion. The trustee moved to amend this order pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 on February 17, 2005. Although the Arnones opposed the motion to amend, Appellant did not. Judge Ferguson held a hearing on the trustee's motion on April 4, 2005, and requested the submission of a consent order resolving the amendment of the summary judgment order. Judge Ferguson signed the order on April 13, 2005, over Appellant's objection. The consent order concerned the disposition of a trust fund set up to protect the interests of RICI's creditors. The consent order created a trust administration plan that recognized the Arnones' secured claim and accounting for the disposition of future claims.

On April 13, 2005, Appellant moved to stay the consent order pending appeal. Judge Ferguson denied the motion at a May 9, 2005 hearing. Judge Ferguson reasoned that Appellant "did not take a position on the original Motion, and all the Consent Order did was resolve a dispute over the terms of the Order. It is inappropriate for Mr. Richardson to use this Motion as a belated attempt to take a position on the original Motion." (Tr., Bankruptcy Case No. 03-26318 (KCF), May 9, 2005, at 33).

While Appellant's request for a stay was pending, Appellant filed a notice of appeal from Judge Ferguson's approval of the consent order. Appellant timely moved for an extension of time to file his appellate brief. The Arnones opposed Appellant's motion and served a cross-motion to dismiss the appeal due to Appellant's failure to file a statement of issues on appeal or for lack of standing. On August 29, 2005, this Court issued an opinion and order denying Appellant's motion and granting the Arnones' cross-motion. The Court declined to dismiss the appeal on the basis of failing to file a statement of issues on appeal. However, the Court held that Appellant did not have standing to appeal the consent order because he was not a "person aggrieved" by Judge Ferguson's decision, *see In re Dykes*, 10 F.3d 184 (3d Cir. 1993), and therefore his rights and interests were not "directly and adversely affected pecuniarily." *In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000)(citation omitted). Appellant filed the instant motion for reconsideration of the order of dismissal on September 13, 2005. Appellant also seeks a stay pending appeal.

II. DISCUSSION

    A. <u>Standard of Review</u>

In the District of New Jersey, Local Rule 7.1(i) governs motion for reconsideration. The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its previous order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The standard for reconsideration

is high and relief under the Rule is to be granted "very sparingly." *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)(citation omitted). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *See id.*; *see also* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers*, 130 F. Supp. 2d at 612 (citation omitted).

      B. Appellant Has Not Demonstrated That The Court's Prior Opinion Overlooked Any Factual Or Legal Issues

Appellant argues that he is a "person aggrieved" by the consent order, under the definition enunciated in *In re Dykes*. Appellant fails, however, to identify any particular factual or legal issues that were not recognized by the Court when first addressing the case at hand. The standard imposed by Local Civil Rule 7.1(i) requires more than the mere assertions of fact in Appellant's brief. The Rule requires the brief to "set forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked . . . ." L. Civ. R. 7.1(i). Appellant relies primarily on the definition from *In re Dykes* cited by this Court in the prior opinion and argues for an interpretation of "person aggrieved" that would include Appellant in this scenario.

The Court had previously determined that Appellant "had no personal financial stake in the future of the Arnones' secured claim against the assets of his former company," (Mem. Op., Aug. 31, 2005, at 5-6), and was therefore not a "person aggrieved" for the purposes of appellate standing in the bankruptcy context because his rights and interests were not "directly and adversely affected pecuniarily." *In re PWS Holding Corp.*, 228 F.3d at 249 (citation omitted). This standard "is more stringent than the constitutional test for standing." *Id.* (citing *In re*

*O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 530 (3d Cir. 1999)).  To meet the standard, Appellant would have to prove to the court that his rights and interests were directly and adversely affected pecuniarily by the Bankruptcy Court's order for the Court to reconsider the prior holding.  Appellant admits that he is an unsecured creditor of RICI.  (Appellant's Br. at 8).  As the Arnones contend, the particular disposition of secured claims, such as theirs, has no bearing on whether unsecured creditors will receive their claims (Arnones' Letter Br. at 3).  Consequently, Appellant is not a "person aggrieved" by the Bankruptcy Court's order.

     Appellant's argument does not contain either a matter or controlling decision overlooked by the Court in issuing the opinion, nor a cogent argument as to why the disposition of this matter would be altered based upon his assertions.  By virtue of Appellant not presenting any issues the Court overlooked in support of meeting the standard necessary to demonstrate that he is a "person aggrieved" by the Bankruptcy Court's order, Appellant has not met the high standard necessary for granting a motion for reconsideration.  Therefore, the Court denies Appellant's motion for reconsideration.

     Appellant also asks this Court to grant a stay pending appeal.  To receive a stay, the burden of proof is on Appellant to prove the elements necessary for a preliminary injunction.  *See Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90-91 (3d Cir. 1992).  Only in the Conclusion of Appellant's brief does he quickly attempt to demonstrate some of the elements necessary to meet that burden.  The short arguments are insufficient and this Court shall deny Appellant's motion for a stay.

III.  CONCLUSION

       For the reasons stated herein, Appellant's motion for reconsideration of this Court's August 29, 2005 Order is denied.   Appellant's motion for a stay pending appeal is also denied.

Dated: October 11 , 2005

                                                    s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.